YANCY, ADMINISTRATOR *v.* NEWTON.

4-5780                                    136 S. W. 2d 1021

Opinion delivered February 19, 1940.

*W. D. Davenport,* for appellant.

*I. E. Lightle, Jr.,* for appellee.

SMITH, J.   Suit was brought by Elva Ford to foreclose a deed to him, executed December 23, 1936, by Sylvia Joyce Newton conveying certain town lots to Ford as trustee for the use and benefit of Mrs. Sarah Davis Baker to secure the payment of a note of even date with the deed of trust, to the order of Mrs. Baker, for the sum of $300.

An answer was filed, in which it was admitted that the note had been executed, and had not been paid, but which alleged that "it was definitely understood and agreed between the parties thereto that no part of the principal should ever be paid, but that to the contrary . . . it was agreed that the interest thereon should be paid so long as said mortgagee should live; that at the time said mortgage was executed, said mortgagee made a gift of the principal amount of said mortgage to the defendant, . . . and that it was agreed that upon the death of said mortgagee said mortgage was to

be canceled and said principal amount was to become the property of the defendant absolutely." The answer alleges payment of the interest up to and including June 23, 1939, and that by "an unexpressed understanding between the parties said mortgage expiration date has legally been extended until December 23, 1939, and that the same is not now due and payable."

Defendant offered testimony in support of the allegations of her answer recited above. Her own testimony was to the effect that Mrs. Baker, the mortgagee, now deceased, was her mother, and that her mother gave her the $300, and did not desire or require a mortgage, as the money was a gift, but witness told her mother, "No, that I did not want it that way; that I would give her a mortgage on the property, so in case I died she would get her money back." Her mother told the notary who prepared the mortgage and took the acknowledgment, that she did not require a mortgage, as the money was a gift. The mortgage was executed and delivered to Mrs. Baker, and the administrator of her estate joins in this suit as a party plaintiff. Mrs. Newton testified that she had paid only the interest due on the note.

The official who prepared the mortgage and took the acknowledgment testified that when it was delivered to Mrs. Baker, she said "There was no necessity to making any mortgage or note, because she wanted to let Sylvia (Mrs. Newton) have the money." Other testimony was offered indicative of an intention on Mrs. Baker's part to give her daughter the $300.

The court below found the fact to be that it was Mrs. Baker's intention to give her daughter the $300, and that "Said gift was fully perfected prior to the execution of said note and deed of trust," and dismissed the suit to foreclose as being without equity, and from that decree is this appeal.

Oran Vaughan testified that Mrs. Baker had the mortgage recorded, after which she delivered the instrument to him for safekeeping, and that at her request he placed it in his safe.

Mr. Newton, the husband of the mortgagor, testified that Mrs. Baker told him "That she (Mrs. Baker) wanted her (Mrs. Newton), in case of her (Mrs. Baker's) death, to have the $300 in the mortgage."

There was testimony to the effect that Mrs. Newton claimed, before the institution of this suit, that she had paid $100 of the principal.

Mrs. Hardcastle, a sister of Mrs. Newton, testified that her mother told her that Mrs. Newton wanted the note, but Mrs. Baker would not give it to her, and that her mother "later on went and had the mortgage recorded."

We do not concur in the finding contained in the decree that Mrs. Baker made a gift of the $300 to her daughter. A note evidenced the amount of the alleged gift, and fixed a date for its payment—one year later—and provided that interest thereon should be paid at six per cent. per annum from the date of the note until it was paid. It is admitted by Mrs. Newton that she paid the interest; indeed, there was testimony that Mrs. Newton claimed at one time to have paid a portion of the principal. It is undisputed that a mortgage was executed and delivered, and which recites its purpose to be to secure the payment of the $300 evidenced by the note. No other indebtedness is mentioned in the instrument. It is true Mrs. Newton testified and offered other testimony to the effect that her mother did not ask for the mortgage, for the reason that she was making a gift of the money; but the effect of that testimony is destroyed by the admission that the mortgage was executed "so, in case I died, she (Mrs. Baker) would get her money back."

It is not only anomalous but is a contradiction in terms to say that a mortgage was given to secure a gift. The obligation to repay deprived the transaction of the essential elements necessary to constitute a gift.

The decree must, therefore, be reversed, and the cause will be remanded, with directions to order the foreclosure of the mortgage.